**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AZENTA, INC., AZENTA US, INC., and KOBE BIOROBOTIX CO., LTD, <br><br> *Plaintiffs*, <br><br> v. <br><br> LVL TECHNOLOGIES GMBH & CO. KG, <br><br> *Defendant.* | Civil Action No. 1:26-cv-12140 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Azenta, Inc., Azenta US, Inc. (together "Azenta") and Kobe BioRobotix Co., Ltd. ("KBR") (collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*. against Defendant LVL Technologies GmbH & Co. KG ("LVL" or "Defendant").

2. Azenta was founded over forty (40) years ago and is a leading provider of life sciences products and services including genomics, cryogenic storage, automation, and informatics. Azenta is headquartered in Burlington, Massachusetts.

3. KBR was established in 2001 and manufactures sample storage containers and related products that can be used across a wide range of applications, including biobanks conducting genetic research, drug discovery, and compound libraries. KBR is headquartered in Kato City, Hyogo, Japan.

4. Plaintiffs bring this suit because LVL has infringed and continues to infringe U.S. Patent Nos. D879,319 S ("the '319 Patent") (Ex. A), D879,320 S ("the '320 Patent") (Ex. B), and D865,212 S ("the '212 Patent") (Ex. C) (collectively, the "Asserted Patents"). The Asserted Patents relate to ornamental designs for sample storage. These patented designs have achieved considerable market success. For example, Plaintiffs use the designs of the Asserted Patents in the Azenta FluidX™ Storage Tubes.

5. As described in detail below, after Plaintiffs released products that incorporate the designs of the Asserted Patents, Defendant LVL released copycat products, including LVL's 96 XT, 48 XT, 24 XT, and 96 IT products ("Infringing Products"), that include the same designs that

1

KBR patented.  In doing so, LVL infringed each of the Asserted Patents and continues to do so today.

6.    LVL's infringement of the Asserted Patents has caused Plaintiffs significant, irreparable, and ongoing harm, including by LVL's use of the Asserted Patents to directly compete with and take sales from Plaintiffs.

7.    Plaintiffs bring this action to remedy LVL's continued infringement and the damages Plaintiffs have suffered and continue to suffer as a result of LVL's infringement.

## PARTIES

8.    Plaintiff Azenta, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 200 Summit Drive, 6th Floor, Burlington, MA 01803, United States.

9.    Plaintiff Azenta US, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 200 Summit Drive, 6th Floor, Burlington, MA 01803, United States.

10.    Plaintiff KBR is a company organized and existing under the laws of Japan, having a principal place of business at 402-3 Higashitarumi, Kato City, Hyogo 673-1336, Japan.

11.    On information and belief, defendant LVL is a corporation organized and existing under the laws of Germany, having a principal place of business at Theodor-Storm-Straße 17, 74564 Crailsheim, Germany.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This case presents well-pleaded federal questions arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*

2

13.    This Court has personal jurisdiction over LVL including because LVL sells, distributes, offers for sale, supplies, and/or imports products (including Infringing Products) to distributors and/or customers in Massachusetts and the claims arise out of activities that take place in Massachusetts.  LVL conducts business in Massachusetts and this District, including, upon information and belief, by importing, distributing, supplying, selling, offering for sale, and/or shipping the products that infringe the Asserted Patents.  LVL further offers to place and/or places Infringing Products into the stream of commerce in this District with the knowledge or understanding that the Infringing Products would be used, imported, distributed, supplied, offered for sale, shipped, and/or sold in this District.  Additionally, LVL, through its website, offers for sale, sells, and/or distributes products (including Infringing Products) throughout the United States, including within the State of Massachusetts.

14.    LVL sells products for sample storage tubes on its website at https://lvl-technologies.com/en/safe-tubes/.[1]  These products include, but are not limited to LVL's Infringing Products, which are marketed as sample storage tubes.

15.    LVL offers for sale, sells, distributes, and/or imports the Infringing Products under the "Safe® Tubes" trade name, in a manner that infringes Plaintiffs' intellectual property rights, including by using without permission the claimed designs of the Asserted Patents.

16.    LVL makes the Infringing Products available for acquisition in Massachusetts on its website, for example via "Order Sample Pack" links.[2]  On information and belief, LVL makes the Infringing Products available for purchase in Massachusetts on its website, for example via "Order Sample Pack" and "Request Contact" and "Call Now" links.[3]

---

[1] *HIGH-QUALITY 2D-CODED TUBES AND SBS RACKS FOR SECURE SAMPLE STORAGE*, LVL TECH. (last accessed May 11, 2026), https://lvl-technologies.com/en/safe-tubes/.
[2] *Id*. (located under section entitled, "SAFE® YOU CAN TOUCH – Order the LVL Sample Pack now …").
[3] *Id*. (located within the pop-out tab on the right hand of the screen).

3

17.    On information and belief, LVL supplies the Infringing Products to and makes the Infringing Products available for acquisition and purchase through AutoGen Inc., its Massachusetts agent and distributor acting under the direct authority, control and supervision of LVL, for example via the website https://autogen.com/lvl-2d-tubes/safe-2d-tubes/ which advertises the Infringing Products as "in stock and ready to ship."  AutoGen Inc. is a corporation organized and existing under the laws of Massachusetts, having a principal place of business in the U.S. District Court for the District of Massachusetts at 84 October Hill Road, Holliston, MA 01746, United States.

18.    Images of an Infringing Product that is a sample acquired from LVL, on information and belief, matching those depicted on the LVL and AutoGen websites and the same as that distributed and/or offered for sale by LVL in the district, are depicted below:





19.    LVL also attends tradeshows, showcases, and conferences in the District and at those tradeshows, showcases, and conferences, purposefully markets, distributes, supplies, and offers for sale its products (including Infringing Products) in this District.  For example, LVL attended the SLAS2026 International Conference & Exhibition held in Boston, Massachusetts from February 7-11, 2026.[4]  As such, LVL expects its actions to have consequences within this District.  LVL's infringing acts have caused injury to Plaintiffs within this District.

20.    The Court also has personal jurisdiction over LVL pursuant to Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) because (a) LVL is subject to the general jurisdiction of the laws of Massachusetts; and (b) to the extent that LVL is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and LVL has sufficient contacts with the United States as a whole, including but not limited to importing, marketing, supplying, offering for sale, and/or selling products (including Infringing Products) that are distributed and sold throughout the United States, including in the District, such that this Court's exercise of jurisdiction over LVL satisfies due process.

21.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b) including because LVL is subject to personal jurisdiction in this district.  As set forth above, LVL has committed and continues to commit acts of infringement in this District because of its conduct

---

[4] *slas, Boston, USA,* LVL TECH. (last accessed May 11, 2026), https://lvl-technologies.com/event/slas-boston-usa/.

and activities in connection with the Infringing Products in relation to distributors and/or customers in this District.

## BACKGROUND

### A.    The Sample Storage Market

22.    The sample storage market has seen rapid growth with the market expected to reach approximately $3-5 billion by 2030-2034.[5]   Some of this growth can be attributed to pharmaceutical research, biotechnology studies, and clinical trials.  Plaintiffs saw this trend and began investing in new ornamental designs before many others in the industry.  Plaintiffs' teams of engineers, industrial designers, and material scientists developed sample storage designs with unique ornamental appearances, as exemplified by the Asserted Patents.

### B.    The Asserted Patents
### The '319 Patent

23.    On March 24, 2020, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent No. D879,319 S (the "'319 Patent"), titled "Sample Storage," to KBR.  A true and correct copy of the '319 Patent is attached hereto as Exhibit A.

24.    The '319 Patent was duly and properly issued by the USPTO.

25.    KBR owns all right, title, and interest in and to the '319 Patent, and Azenta has exclusive rights to sell products covered by the '319 Patent to its customers.

26.    The application for the '319 Patent was filed on August 29, 2019.

27.    The '319 Patent claims "[t]he ornamental design for a sample storage, as shown and described."

---

[5] *Automated Sample Storage Systems Market Size, Share and Global Trend, By Product Type (System Units, Reagents & Consumables), By Capacity (Less than 100k, 100k-500k, 500k-2 Million, More Than 2 Million), By Application (Biological Sample, Chemical Compound Sample, Others), By End User (Pharmaceutical & Biotechnology Companies, Academic & Research Institutions, Private Biobanks, Others), and Regional Forecast, 2026-2034*, FORTUNE BUS. INSIGHTS (Apr. 20, 2026), https://www.fortunebusinessinsights.com/industry-reports/automated-sample-storage-systems-market-100458.

28.    The '319 Patent includes the following fourteen figures illustrating two embodiments of sample storage tubes:





### The '320 Patent

29.    On March 24, 2020, the USPTO issued U.S. Patent No. D879,320 S (the "'320 Patent"), titled "Sample Storage," to KBR.  A true and correct copy of the '320 Patent is attached hereto as Exhibit B.

30.    The '320 Patent was duly and properly issued by the USPTO.

31.    KBR owns all right, title, and interest in and to the '320 Patent, and Azenta has exclusive rights to sell products covered by the '320 Patent to its customers.

32.    The application for the '320 Patent was filed on August 29, 2019.

33.    The '320 Patent claims "[t]he ornamental design for a sample storage, as shown and described."

8

34.     The '320 Patent includes the following fourteen figures illustrating two embodiments of sample storage tubes:





## The '212 Patent

35.     On October 29, 2019, the USPTO issued U.S. Patent No. D865,212 S (the "'212 Patent"), titled "Sample Storage," to KBR.  A true and correct copy of the '212 Patent is attached hereto as Exhibit C.

36.     The '212 Patent was duly and properly issued by the USPTO.

KBR owns all right, title, and interest in and to the '212 Patent, and Azenta has exclusive rights to sell products covered by the '212Patent to its customers.

37.     The application for the '212 Patent was filed on August 15, 2016.

38.     The '212 Patent claims "[t]he ornamental design for a sample storage, as shown and described."

39.     The '212 Patent includes the following twenty-four figures illustrating four embodiments of sample storage tubes:

10



11





## COUNT I:  INFRINGEMENT OF THE '319 PATENT

40.     Plaintiffs incorporate by reference and reallege the allegations in paragraphs 1-39.

41.     LVL has infringed, and continues to infringe, the claims of the '319 Patent, in violation of 35 U.S.C. § 271 by making, using, importing, supplying, offering to sell, and/or selling

in, into and/or within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Infringing Products.

42.     LVL has infringed, and continues to infringe, the claim of the '319 Patent, in violation of 35 U.S.C. § 289 by, among other things, applying the patented design, or colorable imitation thereof, to a sample storage for the purpose of sale, and selling or exposing for sale sample storages to which the patented design or colorable imitation has been applied.

43.     The claim chart below details examples of LVL's infringement, based on its sale of the Safe® 48 XT - 2D Tubes With External Thread in 48 SBS Format.

| U.S. Patent No. D879,319 S | Evidence of Infringement:  LVL Product |
| --- | --- |
| Fig. 8 | |

13



Fig. 9

Fig. 10

14



Fig. 11

Fig. 12

Fig. 13



Fig. 14

44.    On information and belief, LVL has benefited from its infringement of the '319 Patent.  LVL's unauthorized use of the design of the '319 Patent has enhanced the ornamental appearance of its infringing Safe® Tube products.

45.    Plaintiffs have sustained damages as a direct and proximate result of LVL's infringement of the '319 Patent.  LVL has used the design of the '319 Patent to directly compete with Plaintiffs and their storage tube products.  LVL's infringement of the '319 Patent has caused irreparable harm to Plaintiffs and will continue to do so unless enjoined.  As a result, Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.  Plaintiffs are also entitled to recover damages for LVL's infringement under 35 U.S.C. §§ 284 and 289, including an award of any and all profits received or derived by LVL from the manufacture, marketing, sale, offer for sale and/or distribution of products or services bearing or using any copy or colorable imitation of the design of the '319 Patent.  The amount of damages will be proven at trial.

46.    LVL was put on notice of its infringement of the '319 Patent at least as early as the filing of the Complaint in this action.

47.    LVL's continued infringement of the '319 Patent after it has received notice of the '319 Patent and its infringement of the patent is intentional, knowing, and willful.

**COUNT II:  INFRINGEMENT OF THE '320 PATENT**

48.    Plaintiffs incorporate by reference and reallege the allegations in paragraphs 1-47.

16

49.    LVL has infringed, and continues to infringe, the claim of the '320 Patent, in violation of 35 U.S.C. § 271 by making, using, importing, supplying, offering to sell, and/or selling in, into and/or within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Infringing Products.

50.    LVL has infringed, and continues to infringe, the claim of the '320 Patent, in violation of 35 U.S.C. § 289 by, among other things, applying the patented design, or colorable imitation thereof, to a sample storage for the purpose of sale, and selling or exposing for sale sample storages to which the patented design or colorable imitation has been applied.

51.    The claim chart below details examples of LVL's infringement, based on its sale of the Safe® 48 XT - 2D Tubes With External Thread in 48 SBS Format.

17



| U.S. Patent No. D879,320 S | Evidence of Infringement:  LVL Product |
|---|---|

18



Fig. 11

Fig. 12

Fig. 13

19



Fig. 14

52.     On information and belief, LVL has benefited from its infringement of the '320 Patent.  LVL's unauthorized use of the design of the '320 Patent has enhanced the ornamental appearance of its infringing Safe® Tube products.

53.     Plaintiffs have sustained damages as a direct and proximate result of LVL's infringement of the '320 Patent.  LVL has used the design of the '320 Patent to directly compete with Plaintiffs and their storage tube products.  LVL's infringement of the '320 Patent has caused irreparable harm to Plaintiffs and will continue to do so unless enjoined.  As a result, Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.  Plaintiffs are also entitled to recover damages for LVL's infringement under 35 U.S.C. §§ 284 and 289, including an award of any and all profits received or derived by LVL from the manufacture, marketing, sale, offer for sale and/or distribution of products or services bearing or using and copy or colorable imitation of the design of the '320 Patent.  The amount of damages will be proven at trial.

54.     LVL was put on notice of its infringement of the '320 Patent at least as early as the filing of the Complaint in this action.

55.     LVL's continued infringement of the '320 Patent after it has received notice of the '320 Patent and its infringement of the patent is intentional, knowing, and willful.

### COUNT III:  INFRINGEMENT OF THE '212 PATENT

56.     Plaintiffs incorporate by reference and reallege the allegations in paragraphs 1-55.

57.    LVL has infringed, and continues to infringe, the claim of the '212 Patent, in violation of 35 U.S.C. § 271 by, among other things, making, using, importing, supplying, offering to sell, and/or selling in, into and/or within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Infringing Products.

58.    LVL has infringed, and continues to infringe, the claim of the '212 Patent, in violation of 35 U.S.C. § 289 by, among other things, applying the patented design, or colorable imitation thereof, to a sample storage for the purpose of sale, and selling or exposing for sale sample storages to which the patented design or colorable imitation has been applied.

59.    The claim chart below details an example of LVL's infringement based on its sale of the Safe® 48 XT - 2D Tubes With External Thread in 48 SBS Format.

| U.S. Patent No. D865,212 S | Evidence of Infringement:  LVL Product |
|---|---|



23



Fig. 21

Fig. 22



60.     On information and belief, LVL has benefited from its infringement of the '212 Patent.  LVL's use of the design of the '212 Patent has enhanced the ornamental appearance of its Safe® Tube products.

61.     Plaintiffs have sustained damages as a direct and proximate result of LVL's infringement of the '212 Patent.  LVL has used the design of the '212 Patent to directly compete with Plaintiffs and their storage tube products.  LVL's infringement of the '212 Patent has caused irreparable harm to Plaintiffs and will continue to do so unless enjoined.  As a result, Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.  Plaintiffs are also entitled to recover damages for LVL's infringement under 35 U.S.C. §§ 284 and 289, including an award of any and all profits received or derived by LVL from the manufacture, marketing, sale, offering for sale and/or distribution of products or services bearing or using any copy or colorable imitation of the design of the '212 Patent.  The amount of damages will be proven at trial.

24

62. LVL was put on notice of its infringement of the '212 Patent at least as early as the filing of the Complaint in this action.

63. LVL's continued infringement of the '212 Patent after it has received notice of the '212 Patent and its infringement of the patent is intentional, knowing, and willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. A preliminary and permanent injunction restraining LVL, its officers, agents, servants, employees, attorneys, and those persons acting in concert with LVL, from making, displaying, using, offering to sell, selling, distributing, and/or importing sample storage tubes, including but not limited to the 96 XT, 48 XT, 24 XT, and 96 IT Safe® Tube products, that infringe the Asserted Patents;

B. An order that LVL be required at the conclusion of this proceeding to destroy any and all remaining sample storage tubes in its possession that violate Plaintiffs' rights;

C. An award of actual damages in an amount proven at trial;

D. Pursuant to 35 U.S.C. § 289 and other applicable federal law, an award of any and all profits received or derived by LVL from the manufacture, marketing, sale, offering for sale and/or distribution of products or services bearing or using any copy or colorable imitation of any of the Asserted Patents;

E. Exemplary damages in the amount up to three times actual damages for LVL's willful and reckless actions in violation of Plaintiffs' intellectual property rights pursuant to 35 U.S.C. § 284;

F. An award of attorney's fees and costs pursuant to federal and/or state law; and

G. Such further equitable and legal relief and damages as this Court deems just and proper.

25

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 11th day of May, 2026.


Date: May 11, 2026

*/s/ Christopher R. Noyes*
CHRISTOPHER R. NOYES (MA Bar No. 4963831)
OMAR A. KHAN (*pro hac* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich St
New York, NY 10007
Telephone: (212) 230-8800
omar.khan@wilmerhale.com
christopher.noyes@wilmerhale.com

BENJAMIN S. FERNANDEZ (*pro hac* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
ben.fernandez@wilmerhale.com

LAURA E. POWELL (*pro hac* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
laura.powell@wilmerhale.com

ABYGAIL FREDRICK (*pro hac* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
abby.fredrick@wilmerhale.com

*Attorneys for Plaintiffs Azenta, Inc. & Kobe BioRobotix Co., Ltd.*

26